Case 4:14-cv-00223-A Document 7 Filed 05/06/14 Page 1 of 6 PageID 68

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 6 2014
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAWRENCE ALAN HABERMAN | § | |
| | § | |
| VS. | § | NO. 4:14-CV-223-A |
| | § | (NO. 4:07-CR-188-A(01)) |
| UNITED STATES OF AMERICA | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein plaintiff, Lawrence Alan Haberman, seeks the return of property seized and forfeited in his criminal action.[1] After reviewing the complaint, the court concludes that it fails to state a claim upon which relief may be granted, and should be dismissed.

I.

Background and Grounds of the Complaint

On February 1, 2008, plaintiff pleaded guilty to criminal forfeiture and conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. On March 4, 2008, the court entered a preliminary order of forfeiture directing that plaintiff forfeit the sum of $20,000,000, as well as funds on deposit in certain specified financial accounts, the

---

[1] Although the motion mentions Rule 41(g) of the Federal Rules of Criminal Procedure, such does not appear to be the basis of this action. Inasmuch as plaintiff's criminal case has ended, plaintiff properly sought relief by filing a new civil proceeding under 28 U.S.C. § 1331.

cash value of a life insurance policy, and plaintiff's interest in real property, the total of which was to be deducted from the $20,000,000. On May 20, 2008, the court sentenced plaintiff to a term of imprisonment of 360 months, to be followed by a five-year term of supervised release, and ordered the forfeiture of the aforementioned property identified in the preliminary order of forfeiture.[2]

In his complaint, plaintiff contends that the seizure and forfeiture of the money in his financial accounts and the life insurance policy was unlawful because the Drug Enforcement Administration ("DEA") task force officer who requested the seizure warrant had no legal authorization to do so. Consequently, in plaintiff's view, the "search and seizure warrant" issued by the United States Magistrate Judge for seizing the above-described property was unlawful. Additionally, plaintiff argues that because all of the seized property was located in other states, the magistrate judge had no jurisdiction to order the seizure of such property. Plaintiff seeks the return of the forfeited property.

---

[2]On August 7, 2008, the court signed a supplemental preliminary order of forfeiture regarding a $24,474.80 down payment made by defendant for the purchase of a special-order BMW automobile. Plaintiff filed a separate action for the return of the down payment. See Civil Case No. 4:13-CV-1017-A, Lawrence Haberman v. United States of America, which the court dismissed on February 24, 2014.

2

II.

Evaluating the Complaint Under 28 U.S.C. § 1915A

Plaintiff is presently incarcerated at Federal Correctional Institution-Marianna. Because plaintiff is a prisoner seeking redress from government officials, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

Section 1915A(b) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered plaintiff's complaint, the court

3

concludes that it should be dismissed under the provisions of 28 U.S.C. § 1915A.

III.

Analysis

As an initial matter, it appears plaintiff no longer has any interest in the subject property that can be pursued through a motion for return of property. The preliminary order of forfeiture became final as to plaintiff as of the date of sentencing, or May 20, 2008. Fed. R. Crim. P. 32.2(b)(4)(A); United States v. Stone, 435 F. App'x 320, 321 (5th Cir. 2011). Plaintiff's remedy as to the property forfeited in his criminal case was through a timely-filed direct appeal.[3] Fed. R. Crim. P. 32.2(b)(4)(C); United States v. De Los Santos, 260 F.3d 446, 448 (5th Cir. 2001). Such is a sufficient basis on which to deny plaintiff's motion.

Plaintiff's argument that seizure of the funds was unlawful due to problems with the warrant is also unavailing. Under 21 U.S.C. § 853(f), "[t]he Government *may* request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant." 21 U.S.C. § 853(f) (emphasis added). The statute does

---

[3]Plaintiff raised the forfeiture issue in his appeal to the Fifth Circuit. However, that court affirmed the judgment against plaintiff in its entirety.

4

not <u>require</u> the request or issuance of such warrant. Further, the preliminary order of forfeiture issued in plaintiff's case rightfully invoked the provisions of 21 U.S.C. § 853(g) in ordering the Attorney General <u>or his designee</u> to seize the specific property listed in the order. See 21 U.S.C. § 853(g). Nor does plaintiff provide any authority for his contention that a task force officer of the DEA has no authorization to request a warrant.

Likewise, § 853 expressly vests in the district courts of the United States "jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section." <u>Id.</u> at 853(1). Hence, the seizure of plaintiff's funds was proper, regardless of the location of the property, and regardless of whether plaintiff believes the task force officer was authorized to request a seizure warrant.

Thus, plaintiff has stated no claim upon which relief may be granted, and his complaint must be dismissed.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the complaint filed by plaintiff,

5

Lawrence Alan Haberman, against defendant, United States of America, be, and is hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b).

SIGNED May 6, 2014.

JOHN McBRYDE
United States District Judge